UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MURRIETA, | ) Case No.: 1:11-cv-00838 - JLT |
| Plaintiff, | ) ORDER DIRECTING ENTRY OF JUDGMENT IN FAVOR OF DEFENDANT, MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, AND AGAINST PLAINTIFF MICHAEL MURRIETA |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

Carlos Molina ("Plaintiff") asserts he is entitled to a period of disability, disability insurance benefits, and supplemental security income under Titles II and XVI of the Social Security Act. Plaintiff argues the administrative law judge ("ALJ") erred in evaluating the opinion of a non-examining physician. Therefore, Plaintiff seeks review of the administrative decision denying his claims for benefits. For the reasons set forth below, the administrative decision is **AFFIRMED**.

**I.      Procedural History**[1]

Plaintiff filed an application for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") on October 2, 2002. AR at 120-22, 495-97. These applications were denied on November 18, 2012, and Plaintiff did not file an appeal. *Id.* at 70-73.

---

[1] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

On April 23, 2002, Plaintiff filed new applications for benefits. AR at 124-27, 499-502. Social Security Administration denied his claims initially and upon reconsideration. *Id.* at 74-83. After requesting a hearing regarding his claims, Plaintiff testified at a hearing before an ALJ on September 7, 2005. *Id.* at 506-29. The ALJ determined Plaintiff was not disabled and issued an order denying benefits on December 8, 2005. *Id.* at 63-69.

Plaintiff requested review of the unfavorable decision by the Appeals Council, which remanded the matter for the ALJ to re-contact Plaintiff's treating physician, consider lay witness statement, obtain evidence from a vocational expert, and give further consideration to Plaintiff's residual functional capacity. AR at 96-99. Accordingly, on October 18, 2006, the ALJ presided over a second hearing where Plaintiff and a vocational expert testified. *Id.* at 530-66. The ALJ determined Plaintiff was not disabled, and issued an order denying benefits on January 26, 2007. *Id.* at 15-24. Plaintiff requested review of the ALJ's decision by the Appeals Council of Social Security, which was denied on July 8, 2008. *Id.* at 7-9. Therefore, the ALJ's determination became the decision of the Commissioner of Social Security ("Commissioner"). Plaintiff requested judicial review of the Commissioner's decision on September 5, 2008.

While the appeal was pending before this Court, Plaintiff filed a third set of applications for a period of disability and DIB on October 14, 2008, as well as an application for SSI on October 28, 2008. AR at 621. On July 20, 2009, the Court remanded Plaintiff's second set of applications for further administrative proceedings. *Id.* at 584-96. In accordance with the Court's remand order, "the Appeals Council vacate[d] the final decision of the Commissioner of Social Security and remand[ed] the case to an Administrative Law Judge for further proceedings consistent with the order of the court." *Id.* at 621. The Appeals Council noted the Commissioner granted Plaintiff's third application for SSI benefits, and found him disabled as of October 14, 2008. *Id.* at 621.

Upon the remand of Plaintiff's second set of applications, the ALJ considered whether Plaintiff was disabled during the "closed period" of September 2002 to October 14, 2008. AR at 573. On July 9, 2010, Plaintiff testified at a hearing before the ALJ. *Id.* at 748. The ALJ noted Plaintiff was required to show his disability began on or before December 31, 2007, which was his date last insured. *Id.* The ALJ concluded Plaintiff was not disabled during this time, and issued an order denying

benefits for the closed period on August 6, 2010. *Id.* at 573-81. Plaintiff requested review of the decision by the Appeals Council, which was denied. *Id.* at 567-69. Therefore, the ALJ's determination shat Plaintiff was not disabled from September 2002 to October 14, 2008 became the final decision of the Commissioner on Plaintiff's second set of applications for benefits.

## II.     Standard of Review

District courts have a limited scope of judicial review for disability claims after a decision by the Commissioner to deny benefits under the Social Security Act. When reviewing findings of fact, such as whether a claimant was disabled, the Court must determine whether the Commissioner's decision is supported by substantial evidence or is based on legal error. 42 U.S.C. § 405(g). The ALJ's determination that the claimant is not disabled must be upheld by the Court if the proper legal standards were applied and the findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health & Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197 (1938)). The record as a whole must be considered, because "[t]he court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion." *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

## III.    Disability Benefits

To qualify for benefits under the Social Security Act, Plaintiff must establish he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B). The burden of proof is on a claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990). When a claimant establishes a prima facie case of

disability, the burden shifts to the Commissioner to prove the claimant is able to engage in other substantial gainful employment. *Maounis v. Heckler*, 738 F.2d 1032, 1034 (9th Cir. 1984).

## IV.    Parties' arguments on appeal

The sole issue identified raised by Plaintiff on appeal is whether the ALJ made a legal error by not calling a medical expert to determine the onset date for Plaintiff's disability. Plaintiff argues, "The onset date of October 14, 2008, was done out of administrative convenience as that was the date that Murrieta filed his application for benefits. It is not the beginning date in which [he] medically became disabled." (Doc. 9 at 9). According to Plaintiff, the ALJ erred in failing to call a medical expert to determine the onset date of Plaintiff's disability. *Id.* at 7. In support of his argument, Plaintiff notes: "[T]he Ninth Circuit held that the ALJ is required to adduce testimony from a medical advisor to infer the onset date of disability." *Id.* at 8 (citing *DeLorme v. Sullivan*, 924 F.2d 841, 848 (9th Cir. 1991); *Armstrong v. Commissioner of Soc. Sec. Admin.*, 160 F.3d 587, 589 (9th Cir. 1998)).

On the other hand, Defendant argues the ALJ was not obligated to call a medical expert. (Doc. 13 at 3). Defendant contends Plaintiff failed to meet his burden to prove disability during the relevant time period, and as a result "*Armstrong* is inapposite." *Id.* at 3-4 (quoting *Lair-Del Rio v. Astrue,* 380 Fed. App'x. 694, 696-697 (9th Cir. May 28, 2010)). Because the ALJ's decision was supported by evidence in the record, Defendant argues the Court must uphold the decision that Plaintiff was not disabled. *Id.* at 5.

## V.    Discussion and Analysis

The ALJ's duty to develop the record by calling a medical expert was only triggered if there was "ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001); *see* 20 C.F.R. § 416.912(e). Here, the ALJ observed, "There is little new evidence in the file since the date of my prior denial," and that "most" of the new evidence "dates from after the October 14, 2008." AR at 578. The ALJ did not find the evidence in the medical record was ambiguous, or insufficient to determine whether Plaintiff was disabled between September 2002 and October 14, 2008. Consequently, the duty to call a medical expert was not triggered. *See Thomas v. Barnhart*, 278 F.3d 947, 978 (9th Cir. 2002) (duty

not triggered when the ALJ did not conclude the medical report was inadequate to make a disability determination); *Mayes*, 276 F.3d at 459-60.

Moreover, the Ninth Circuit has explained a claimant "bears the burden of proof and must prove that he was 'either permanently disabled or subject to a condition which became so severe as to disable [him] prior to the date upon which [his] disability insured status expired.'" *Armstrong*, 160 F.3d at 589 (quoting *Johnson v. Shalala,* 60 F.3d 1428, 1432 (9th Cir. 1995). The ALJ found Plaintiff failed to meet his burden of proof to demonstrate he was disabled during the relevant time period. Rather, the ALJ concluded, "from September of 2002 to October 14, 2008, [Plaintiff] had the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently, and sit, and stand or walk, 6 hours in an 8-hour work day." AR at 576. In addition, Plaintiff needed to "avoid concentrated exposure to fumes, dusts, odors, gases, and poor ventilation." *Id.* Plaintiff does not dispute that these findings are supported by substantial evidence in the record. (*See* Doc. 14 at 2).

## VI.   Conclusion and Order

Although Plaintiff contends the ALJ should have assumed he was disabled prior to October 14, 2008, Plaintiff bore the burden of establishing a disability during the relevant time period before the ALJ's duty to call a medical expert to determine an onset date would have been triggered. As discussed, the ALJ found Plaintiff failed to meet this burden. Because the ALJ applied the proper legal standards and substantial evidence supports his conclusion, the determination that Plaintiff was not disabled between September 2002 and October 14, 2008 must be upheld by the Court. *See Sanchez*, 812 F.2d at 510.

Accordingly, **IT IS HEREBY ORDERED**:

1. The decision of the Commissioner of Social Security is **AFFIRMED**; and

///
///
///
///
///
///

2.  The Clerk of Court **IS DIRECTED** to enter judgment in favor of Defendant Michael J. Astrue, Commissioner of Social Security, and against Plaintiff Michael Murrieta.

IT IS SO ORDERED.

Dated:  **May 22, 2012**            **/s/ Jennifer L. Thurston**
                                    UNITED STATES MAGISTRATE JUDGE